MARVIN CHAMBLEE v. THE STATE.

No. 11643. Delivered October 31, 1928.

The opinion states the case.

*Beale & Denman* and *C. A. Watson* of Nacogdoches for appellant.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for one year.

Operating under a search warrant officers found in appellant's smokehouse five gallons of beer. According to their testimony, the officers found in some bushes within twenty or twenty-five feet of appellant's house three and one-half gallons of whiskey, packed in a box. In discovering the whiskey, one of the officers followed tracks from the back of appellant's residence to the point where the whiskey was found. Approximately fifty-one half-gallon jars were found hidden in the house. Several of these jars contained a small quantity of whiskey, the amount being described as from "one-fifth of a swallow to a tablespoonful." Appellant's wife went hurriedly to the back of the house while the search was in progress and was observed by one of the officers to pour something from a quart jar through the window screen. A small quantity of whiskey was left in the jar and there was a small amount on the bottom of the window frame.

Appellant's witnesses placed the location of the three and a half gallons of whiskey on a vacant lot in which appellant had no interest. They stated that the distance from the house to the point where the whiskey was found was considerably more than twenty-five feet. The court refused to permit appellant to prove by his witness Green that one Dorsett had lived with appellant until a short time before the search and arrest and had gotten mad at appellant because he made him (Dorsett) leave, and that because of his anger toward appellant, Dorsett placed the whiskey near appellant's premises in order to have him arrested. The learned trial judge fell into error in excluding this testimony. The accused is entitled to prove that another committed the offense. Silvas v. State, 159 S. W. 223. In the state of the record, the erroneous rejection of the testimony in question calls for a reversal. The officers testified that the beer they found in appellant's smokehouse was not ripe and that it would not have been ready to bottle for several hours. The jury might well have believed that the beer was not possessed by appellant for the purpose of sale and yet have found that appellant possessed the three and a half gallons of whiskey for said purpose. Hence testimony tending to show that another and not appellant possessed the whiskey was of material importance to appellant. It follows that we are unable to say that the error was not prejudicial.

As hereinbefore stated, the testimony of appellant's witnesses raised an issue as to whether the three and a half gallons of whiskey were in appellant's possession. Appellant requested the court to charge the jury to the effect that unless the whiskey in question

belonged to him or was in his care, custody or control, they would acquit him unless they believed beyond a reasonable doubt that the beer found by the officers was intoxicating. Timely objections were also presented because of the omission of such instructions from the main charge. The state sought a conviction on the theory that appellant was found in possession of more than a quart of intoxicating liquor. Article 671 C. C. P. That appellant possessed five gallons of beer was uncontradicted. If the beer was intoxicating, appellant's possession of five gallons thereof was sufficient to warrant a verdict of guilty. The testimony of the officers to the effect that the beer was drinkable and was intoxicating was undisputed. The fact that the officers testified that the beer was not ripe and, therefore, was not ready to bottle would not have the effect of contradicting their statements that said liquor was drinkable and was intoxicating. The court charged the jury generally that they must believe beyond a reasonable doubt that appellant possessed intoxicating liquor for the purpose of sale. The testimony raising no issue as to the intoxicating qualities of the beer, there was no error in refusing to give the requested instruction.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.